**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FLEX A. HEATROK,[1]<br><br>Plaintiff,<br><br>v.<br><br>FATHOM BORG, *et al.*,<br><br>Defendants. | Civil Action No. 26-6446 (MAS) (JBD)<br><br>**OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Flex Heatrok's ("Plaintiff") civil complaint (ECF No. 1) and application to proceed *in forma pauperis*. (ECF No. 1-1.) Having reviewed the application, the Court finds that *in forma pauperis* status is warranted in this matter, and Plaintiff's application is therefore granted. Because the application shall be granted, the Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's claims against the New Jersey Department of Corrections ("NJDOC") and Northern State Prison ("NSP") shall be dismissed with prejudice, and Plaintiff's complaint shall in all other respects be dismissed without prejudice for failure to state a claim upon which relief may be granted.

---

[1] In the caption of this matter, the Clerk of the Court has listed Plaintiff's name as Hector A. Heatrok. All of the documents Plaintiff has submitted, however, list his name as Flex A. Heatrok. (*See* ECF No. 1; ECF No. 1-1; ECF No. 1-2.) The Court will therefore direct the Clerk of the Court to amend the caption of this matter to list Plaintiff's name as Flex A. Heatrok in accordance with Plaintiff's filings.

# I. BACKGROUND

Plaintiff is a convicted state prisoner currently serving a lengthy prison sentence. (ECF No. 1 at 2-8.) In August 2025, Plaintiff was housed at NSP. (*Id.* at 6.) Plaintiff was subsequently transferred to Bayside State Prison. (*Id.* at 6-7.) Frustrated regarding some lost property, Plaintiff had "run-ins" with various other prisoners and prison staff, resulting in a prison disciplinary charge and a 90-day restorative housing unit ("RHU") sanction issued on September 26, 2025. (*Id.* at 7.) Plaintiff was then placed back in the RHU at NSP. (*Id.*) According to Plaintiff, prisoners are usually given an opportunity to request a prison placement after an RHU stint, but he was not given this opportunity. (*Id.*) Instead, after Plaintiff received another institutional infraction, he received another 120-day RHU placement on December 4, 2026. (*Id.*) When this term neared completion, Plaintiff again sought to have some say in his next prison placement, but was again denied the opportunity to make such a request. (*Id.*) On March 26, 2026, after Plaintiff was found guilty of another prison infraction, he received another 120-day RHU placement, which was reduced to 30 days on appeal. (*Id.*) Plaintiff complained when he was not released from the RHU as of April 26, 2026, and was told that he would not be released until May 24, 2026, when the cumulative total of his RHU placements had been completed. (*Id.* at 7-8.) Plaintiff believes that he is being punished with a 61-day RHU placement rather than the 30 days imposed following his disciplinary appeal. Plaintiff believes that he is therefore being placed into the RHU beyond the time set by his disciplinary findings, and that the failure to let him choose a prison placement following the RHU placement amounts to a denial of either his Eighth Amendment or Due Process rights.

Correspondence Plaintiff filed with his complaint, however, more clearly explains why Plaintiff was not scheduled to leave the RHU until late May. That correspondence recounts Plaintiff's three imposed RHU sanctions of 90, 120, and 30 days issued on September 26, 2025, December 3, 2025, and March 23, 2026, respectively. (ECF No. 1-1 at 10.) The correspondence

further explains that "RHU sanctions are consecutive unless stated otherwise" and that, accounting for the consecutive terms, Plaintiff was not slated for release from the RHU until May 24, 2026. (*Id.*) Given the cumulative nature of RHU terms, Plaintiff's September 2025 90-day term did not expire until December 25, 2026, at which point his 120-day term from December 4 began to run. That term thereafter expired on April 24, 2026, at which point the final 30 day term began, ultimately expiring on May 24, 2026. The facts thus do not support Plaintiff's assertion that he has been held beyond his 30-day term, only that this term was cumulatively added onto his prior unexpired RHU placement terms.

## II. <u>LEGAL STANDARD</u>

Because Plaintiff shall be granted *in forma pauperis* status, the Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III. DISCUSSION

Plaintiff seeks to raise Eighth Amendment or Due Process claims against the Administrator, Assistant Superintendent, and classification supervisor of NSP premised on being held beyond his sanction term in the RHU and on being denied his placement of choice following his RHU term. Plaintiff also raises these claims, however, against the NJDOC and NSP. The NJDOC and NSP, however, are arms of the state, are not subject to suit in a federal civil rights proceeding and are, in any event, entitled to Eleventh Amendment immunity. *See Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs.*, 730 F.3d 291, 318 (3d Cir. 2013); *Walker v. Beard*, 244 F. App'x 439, 440-41 (3d Cir. 2007); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989). Plaintiff's claims against the NJDOC and NSP must therefore be dismissed with prejudice at this time.

Turning to Plaintiff's RHU placement claim, Plaintiff contends that he has been held beyond his imposed RHU sanction term in the RHU. Even assuming that being held over such a term in the RHU could support a claim for relief, *cf. Sandin v. Conner*, 515 U.S. 472, 484 (1995) (prison placements only give rise to constitutional claims when they represent an "atypical and significant hardship" on the inmate in relation to the "ordinary incidents of prison life"), Plaintiff's claim of being detained in the RHU beyond his assigned term is factually mistaken. As the prison's calculation indicates, and as Plaintiff admits in his complaint, Plaintiff received 90-day, 120-day, and 30-day RHU terms, with the first term beginning on September 26, 2025. As outlined above, when accounting for those three separate terms running consecutively, Plaintiff's terms did not expire until May 24, 2026, the date provided by the prison and the date on which Plaintiff appears to have ended his RHU stay. Plaintiff was thus not over-detained in the RHU or held there longer than required by his disciplinary infractions; instead, the prison's calculation is in line with the terms Plaintiff admits were imposed upon him as disciplinary sanctions. Plaintiff thus fails to state a claim for relief to the extent he contends that he was over-held in the RHU because that appears to be factually incorrect based on the facts Plaintiff asserts.

In his remaining claim, Plaintiff seeks to raise an Eighth Amendment or Due Process claim based on the failure of the prison administrator, assistant superintendent, and classification supervisor to allow him input into his next prison placement, which Plaintiff asserts prisoners are regularly provided. A prisoner, however, has no federal right to any specific prison placement, nor to a prison placement of his choice. *See, e.g.*, *Ruffin v. Superintendent Retreat SCI*, 689 F. App'x 112, 114 (3d Cir. 2017) ("it is well-established that prisoners have no constitutional right to placement in any particular prison, custody classification, or housing assignment"). As Plaintiff has no right to any specific placement or a placement of his choice, the alleged failure of Defendants to consult his preferences in making his placement decisions did not violate his Eighth

Amendment or Due Process rights. Plaintiff's claims based on this classification decision must therefore be dismissed without prejudice at this time for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **GRANTED**; Plaintiff's claims against the NJDOC and NSP are **DISMISSED WITH PREJUDICE**; and Plaintiff's complaint (ECF No. 1) is in all other respects **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted. An order consistent with this Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE